WADSWORTH, SHARON CENTER, AND MONTROSE COMMITTEE FOR TOLL–FREE TELEPHONE SERVICE ET AL., APPELLANTS, *v.* GTE NORTH INCORPORATED; PUBLIC UTILITIES COMMISSION OF OHIO, APPELLEE.

[Cite as *Committee for Toll–Free Tel. Serv. v. GTE North Inc.* (1993), 68 Ohio St.3d 51.]

(No. 93–153—Submitted October 19, 1993—Decided December 15, 1993.)

*Oberholtzer, Filous & Young, John C. Oberholtzer* and *Theodore J. Lesiak,* for appellants.

*Lee I. Fisher,* Attorney General, *James B. Gainer* and *Paul A. Colbert,* Assistant Attorneys General, for appellee.

---

*Per Curiam.* We have recognized that EAS cases are essentially adequacy-of-service proceedings subject to R.C. 4905.22, 4905.26, and 4905.381. *Arcadia Tel. Co. v. Pub. Util. Comm.* (1979), 58 Ohio St.2d 180, 12 O.O.3d 182, 389 N.E.2d 498. Although appellants raise several arguments in their brief, the basic premise of their appeal is that Ohio Adm.Code 4901:1–7–03, and particularly the commission's consideration of the calling statistics thereunder, is inconsistent with the adequacy-of-service determination which the commission must make under R.C. 4905.26. They argue that the petitioning subscribers' testimony alone establishes that existing service in the petitioning exchanges is inadequate and thus that the commission was compelled to order flat-rate EAS implemented between the involved exchanges pursuant to R.C. 4905.381. For the reasons which follow, we reject appellants' arguments and affirm the commission's order.

We have recognized the commission's authority under R.C. 4901.13 to adopt Ohio Adm.Code 4901:1–7–01 *et seq.* to aid its inquiry in EAS cases. *Norwalk v. Pub. Util. Comm.* (1982), 1 Ohio St.3d 107, 1 OBR 140, 438 N.E.2d 425. We find that the calling statistics provided for therein, which measure the frequency and distribution of calling to other exchanges, are probative not only of the adequacy of service for a given exchange, but also as to whether a community of interest exists between that exchange and other exchanges. Clearly, it is reasonable for the commission to consider the calling patterns between the petitioning and requested exchanges, and thus the degree of reliance on the exchange to which toll-free service is requested, in determining whether EAS should be ordered and, if so, its form. Moreover, we reject appellants' assumption that the subscribers' testimony, if considered alone, would demonstrate that existing service is inadequate. The record clearly reflects that the local calling areas are sufficient to meet much of the petitioning subscribers' day-to-day calling needs. Indeed, it would appear that, absent consideration of the calling statistics of which appellants complain, denial of all relief between the exchanges would have been well within the commission's discretion.

Appellants further claim that it was inconsistent for the commission to deny relief as between the Montrose and Wadsworth exchanges, while granting measured-rate service between the Sharon Center and Montrose exchanges. We find that the commission's determination is supported by the relatively higher calling statistics between the latter two exchanges as well as by the slightly greater community of interest exhibited between the exchanges from the community-of-interest testimony.

Appellants next argue that service between Sharon Center and Montrose was found inadequate because a toll charge was incurred for calls placed between the exchanges. They contend that the existing service cannot be rendered adequate merely by reducing that charge through the seventy-percent discount provided by the measured-rate service ordered. Appellants would prefer that flat-rate EAS be instituted and that its costs be spread over GTE's subscriber base. We have acknowledged that R.C. 4905.381 provides the commission with wide discretion in fashioning remedies in EAS proceedings. *Morrow Chamber of Commerce v. Pub. Util. Comm.* (1993), 67 Ohio St.3d 147, 616 N.E.2d 880. Here, noting the limited reliance between the two exchanges, we cannot find it unreasonable that the commission, by ordering measured-rate EAS, required the cost of the service to be borne by those subscribers actually using it—at significant savings over their previous message toll service.

Finally, appellants argue that toll charges subsidize local service and should be abolished as being discriminatory. The record does not support appellants' broad proposition as it relates to this particular proceeding, or as to its far-reaching implications for telecommunication services in this state.

The commission's order, made in accordance with the applicable statutes and rules, is supported by the record in this proceeding, is neither unreasonable nor unlawful and, accordingly, must be affirmed. *MCI Telecommunications Corp. v. Pub. Util. Comm.* (1988), 38 Ohio St.3d 266, 268, 527 N.E.2d 777, 780.

*Order affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, F.E. SWEENEY and PFEIFER, JJ., concur.

RESNICK, J., not participating.